JACOB KORN ET AL., PLAINTIFFS, v. SHEPPARD W. COOMBS, DEFENDANT.

Decided April 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the motion, *Mark R. Sooy.*

*Contra, Charles A. Wolverton, D. Trueman Stackhouse* and *Sydney T. Smith.*

PER CURIAM.

On March 26th, 1928, the plaintiff, in an action in this court, tried at the Camden Circuit, procured by direction of the trial judge the return of a verdict by the jury against the defendant. On the same day, as the records in the office of the clerk of this court disclose, judgment on the *postea* was entered, and an execution issued to the sheriff of Cape May county. We are informed that a levy has been made under this execution. The exact date the levy was made is not disclosed. On March 29th, 1928, the defendant obtained from the Circuit judge who presided at the trial a rule to

show cause why the verdict should not be set aside and a new trial granted. This order contained a stay in the following language: "And it is further ordered that all proceedings herein be stayed until the further order of this court."

The defendant now moves to vacate the levy made under the execution issued upon the judgment, claiming that it is a nullity. The plaintiff contends that the levy should not be set aside and declared a nullity. The situation in the present case grows out of a change made in the Practice act by the supplement thereto approved March 28th, 1912. *Pamph. L.* 1912, *p.* 377. Rule 76, in schedule A, which is made a part of the said supplement, provided that—"In actions in the Supreme Court, the *postea* may be filed immediately after *relicta* given or verdict obtained, and judgment shall be entered forthwith. But the trial judge of the court, or any justice thereof, may stay execution pending an application for a new trial." Rule 116 of this court embodies the exact language of said rule 76. This was a change in the procedure. Prior to the enactment of the supplement of 1912 a judgment in this court could not be entered until the opening of the term following the trial at the Circuit unless a special motion on two days' notice was made for leave to enter judgment on the *postea* prior to the opening of the next term of the Supreme Court and granted. It must be assumed that by the change made in the supplement to the Practice act of 1912, which permitted the immediate filing of the *postea* and entry of judgment, that there was some sufficient reason which prompted the legislature to so provide.

In the case of *Mumma* v. *Schmitter,* 1 *N. J. Mis. R.* 455 (decided October 4th, 1923), Mr. Justice Parker said: "It may not be out of place to note, however, that the case of *Erie Railway Co.* v. *Ackerson,* 33 *N. J. L.* 33, invoked by the defendant, is superseded by rule 116 of this court, permitting an immediate judgment on verdict and providing that the court or a judge 'may stay execution pending an application for a new trial.'" A careful examination of the case of *Erie Railway Co.* v. *Ackerson, supra,* upon which counsel for the defendant relies, leads us to the view that it is not a

sufficient authority to set aside the levy made under the execution issued in the present case. This court in the Erie Railroad Company case used the language: "The established practice of this court is, that the plaintiff may issue his execution immediately after the entry of judgment *nisi,* if he thinks proper to do so, at the risk, however, of having it rendered a nullity, by the rule to show cause being allowed absolutely, and without directing the entry of a final judgment for the protection of the plaintiff, and subject, also, to the execution being superseded, if a writ of error is presented, and a recognizance of bail perfected, as required by the aforesaid act." In our opinion the court meant that it was only by the rule to show cause being made absolute that the execution became a nullity.

It is true that the present practice is one which in some instances may bear hardly upon a defendant, but the remedy of the defendant, it seems to us, is to offer security if he desires to have any property released from the lien of a levy made under the execution. The stay of execution granted by the Circuit judge in the present case prevents any proceedings being taken under the execution and levy from the time when the rule to show cause was allowed. The rule was allowed, as has been stated, on March 29th, 1928. If, of course, the levy was made subsequent to the rule to show cause, then we would have the power to set the levy aside and put the parties in the position in which they were at the time of the allowance by the Circuit judge of the rule to show cause. We think the burden of proof is upon the moving party to show that the levy was made subsequent to the issuance of the rule to show cause. If this be the fact and proof is submitted to the court to this effect, we will allow a rule to show cause why the levy should not be set aside. If, however, the levy was made prior to the allowance of the rule to show cause then we think that it must stand until the rule to show cause is disposed of.

It is true, as contended for by the defendant's counsel, that the present state of the law will probably result in some instances in inconvenience to a defendant and probably in a

race between opposing counsel to see which can be obtained first, the entry of a judgment and issue of an execution and a levy thereunder, or a rule to show cause with a stay of proceedings. We feel, however, that this is a matter for the consideration of the legislature.

This decision leads to a denial of the stay upon the record as presented to us. If, as above stated, proof is submitted that the levy was made subsequent to the allowance of the rule to show cause, then we will grant a rule to show cause as to why the levy should not be set aside with leave to both parties to take affidavits to establish the situation existing at the time of the allowance of the rule to show cause.